UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PENNY T. COLLINS,

                  **Plaintiff,**

v.                                                    5:07-CV-0493
                                                          (GTS/DEP)

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES; JOHN BURGE;
HAROLD GRAHAM; and TROY MITCHELL,

                  **Defendants.**
_____

## SPECIAL VERDICT FORM

**I.    CLAIMS**

    You must answer Questions 1 and 2. *If you find in favor of Plaintiff on any of her claims, then you must proceed to Section II, entitled "Damages."*

    1.    **HOSTILE WORK ENVIRONMENT CLAIM AGAINST DOCS UNDER TITLE VII AND NYHRL**

        a.    Did Plaintiff prove, by a preponderance of the evidence, that she was subjected to a hostile work environment?

            YES  ✓    NO _____

*If your answer to Question 1a is "NO," then you must render a verdict in favor of DOCS on this claim, and proceed to Question 2. If your answer to Question 1a is "YES," then proceed to Question 1b.*

        b.    Did Plaintiff prove, by a preponderance of the evidence, that a legal basis exists under Title VII for imputing the conduct that created the hostile work environment to DOCS?

            YES  ✓    NO _____

*Regardless of how you answered this question, proceed to Question 1c.*

1

    c.    Did Plaintiff prove, by a preponderance of the evidence, that a legal basis exists under NYHRL for imputing the conduct that created the hostile work environment to DOCS?

        YES  √       NO  ____

*If your answers to Questions 1b and 1c are "NO," then you must render a verdict in favor of the DOCS on this claim. If your answer to Question 1b is "YES," then you have found in favor of Plaintiff on her Title VII Hostile Work Environment claim. If your answer to Question 1c is "YES," then you have found in favor of Plaintiff on her NYHRL Hostile Work Environment claim. Regardless of how you answered this question, proceed to Question 2.*

2. **SECTION 1983 SEXUAL HARASSMENT CLAIM AGAINST DEFENDANTS BURGE, GRAHAM AND MITCHELL**

    a.    Did Plaintiff prove, by a preponderance of the evidence, that one or more of Defendants Burge, Graham and/or Mitchell individually sexually harassed her?

        Burge      YES ____      NO  √

        Graham    YES ____      NO  √

        Mitchell    YES ____      NO  √

*If your answer to Question 2a is "YES" as to one or more listed Defendants, then proceed to Question 2b, with regard to that Defendant or those Defendants. If your answer to Question 2a is "NO" as to one or more listed Defendants, then you must render a verdict in favor of that Defendant or those Defendants on this claim.*

    b.    Do you find that the Defendant or Defendants, for whom you answered "YES" to Question 2a, is or are entitled to qualified immunity on Plaintiff's Section 1983 Sexual Harassment claim?

        Burge      YES ____      NO ____

        Graham    YES ____      NO ____

        Mitchell    YES ____      NO ____

*If your answer to Question 2b is "YES," then you must render a verdict in favor of that Defendant or those Defendants on this claim. If your answer to Question 2b is "NO," then you have found in favor of Plaintiff as to that Defendant or those Defendants on Plaintiff's Section 1983 Sexual Harassment claim.*

## II. DAMAGES

*Answer the following questions only if you found in favor of Plaintiff on one or more of her claims.*

3. Did Plaintiff prove, by a preponderance of the evidence, that she sustained an injury?

    YES ✓    NO ___

*If your answer to Question 3 is "NO," then you must skip the next question and proceed to Question 5. If your answer to Question 3 is "YES," then proceed to Question 4.*

4. Did Plaintiff prove, by a preponderance of the evidence, that the act or omission alleged in the claim or claims for which you found in favor of Plaintiff, was the proximate cause of the injury (or injuries) and/or emotional distress that she suffered?

    YES ✓    NO ___

*If your answer to Question 4 is "NO," then you must proceed to Question 5 and award Plaintiff nominal damages in an amount not to exceed $1. If your answer to Question 4 is "YES," then you must proceed to Question 5 and award Plaintiff compensatory damages (not to include back pay and/or front pay).*

5. If you answered "NO" to Question 3 or Question 4, but you found in favor of Plaintiff on her Title VII claim against DOCS or you found in favor of Plaintiff on her Section 1983 claim against Defendants Burge, Graham and/or Mitchell, you must enter the nominal damages amount of $1.00. If you answered "YES" to Questions 3 and 4, state the amount of damages to which Plaintiff is entitled to recover in compensation for her injuries (not to include back pay and/or front pay):

    $500,000.00

6. If you find that Plaintiff is entitled to back pay and/or front pay for lost wages, state the amount(s):

    Back pay $150,000.00
    Front pay ___0___

3

7. If you found in favor of Plaintiff on her Section 1983 claim against Defendant Mitchell, did Plaintiff also prove, by a preponderance of the evidence, that Defendant Mitchell violated her constitutional right to be free from sexual harassment in her public employment with malice or reckless indifference to that right?

YES \_\_\_\_    NO  ✓

**FOREPERSON, PLEASE DATE AND SIGN THE SPECIAL VERDICT FORM BELOW, AND NOTIFY THE MARSHAL THAT YOU HAVE REACHED A VERDICT.**

Dated: March 21, 2012       Jury Foreperson:    **REDACTED**

4