UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
PENNY T. COLLINS,

                         Plaintiff,

vs.                                5:07-CV-493

THE STATE OF NEW YORK, NEW YORK
STATE DEPARTMENT OF CORRECTIONAL SERVICES,
GLENN S. GOORD, JOHN BURGE, HAROLD GRAHAM,
and TROY MITCHELL,

                         Defendants.
-------------------------------------------x

        Transcript of a Jury Trial held on March 21,

2012, at the James Hanley Federal Building, 100 South

Clinton Street, Syracuse, New York, the HONORABLE

GLENN T. SUDDABY, United States District Judge,

Presiding.

                    A P P E A R A N C E S

For Plaintiff:          MAIREAD E. CONNOR, ESQ.
                        Attorney at Law
                        440 South Warren Street
                        Suite 703
                        Syracuse, New York  13202

For Defendant:          SATTER, ANDREWS LAW FIRM
(Mitchell)              Attorneys at Law
                        217 South Salina Street, 6th Floor
                        Syracuse, New York  13202
                          BY:  ROSS P. ANDREWS, ESQ.

For Defendants:         STATE OF NEW YORK
(All Remaining)         Office of Attorney General
                        The Capitol
                        Albany, New York  12224
                          BY:  CATHY Y. SHEEHAN, AAG
                               ROGER KINSEY, AAG

1    (Court in recess for jury deliberations,

2         9:00 a.m. to 11:49 a.m.)

3    (In Chambers, 11:49 a.m.)

4    THE COURT:  We received a note from the jury,

5    it's been marked as Court Exhibit Number 3, it reads, "Your

6    Honor, may we have use of a calculator?"  And what the court

7    has done in response to this note, to expedite getting the

8    calculator into them, I had my judicial assistant contact

9    each of the attorneys representing the various parties in

10   this litigation to see if anyone had any objections or wanted

11   to put anything on the record before we sent a calculator in

12   to the jury.  We got a response from each one of the

13   attorneys that they had no objection, therefore, we've sent

14   the calculator in, and we will confirm counsel's position the

15   next time we get a note and we bring everybody, all the

16   parties and attorneys back together in the courtroom, that

17   they indeed had no objection to providing a calculator to the

18   jury.

19   (Court in recess for jury deliberations,

20        11:49 a.m. to 1:19 p.m.)

21   (Open Court, Jury Out, 1:19 p.m.)

22   THE COURT:  Okay.  First of all, meet Kelly

23   Easton, my judicial assistant.  Lori had a little bit of a

24   family emergency so she couldn't be here, okay, so Kelly is

25   going to perform her duties for the rest of the proceedings.

1    Before -- we do have a verdict and before we

2  get to that, I just want to go on the record.  In counsel's

3  absence, we took a note from the jury requesting a

4  calculator.  It was -- it's been marked as Court's Exhibit 3,

5  I put all this on the record, we contacted individually the

6  attorneys for all the parties and no one objected to a

7  calculator being sent in.  We did that by phone, because it

8  was my intention to get them a calculator as soon as possible

9  and not have everybody come running back to court for that

10 purpose.  So just to confirm for the record, Ms. Connor, were

11 you contacted and you had no objection?

12    MS. CONNOR:  Yes, your Honor, no objection.

13    THE COURT:  Okay.  Ms. Sheehan, for the state

14 defendants?

15    MS. SHEEHAN:  Yes, your Honor, and no

16 objections.

17    THE COURT:  And Mr. Andrews?

18    MR. ANDREWS:  Same, your Honor.

19    THE COURT:  Okay.  Now we have a verdict so

20 we're going to bring this jury in and we're going to take

21 their verdict, okay.  Bring them in, Bruce.

22    (Jury Present, 1:20 p.m.)

23    THE COURT:  Okay.  The record should reflect

24 we have the ladies and gentlemen of the jury, plaintiff,

25 plaintiff's counsel, defendants, and defense counsel.  How

1    was lunch?

2                    A JUROR:  Very good.

3                    THE COURT:  Okay.  Good.  It's my

4    understanding that we have a verdict and the foreperson,

5    we're going to ask you to stand and we're going to take that

6    verdict.  Meet Kelly Easton, my judicial assistant.  Lori,

7    who has been here for the last eight, nine days, whatever it

8    is now, eight days, nine days, I guess, had a bit of a family

9    emergency so she had to leave, everything's going to be okay

10   we hope, but she had to leave us, so Kelly is going to

11   perform her duties for the rest of the proceedings.

12                   So Kelly, if you could, foreperson, would you

13   please stand.  Please take the verdict.

14                   THE CLERK:  In the matter of Penny T. Collins,

15   plaintiff, v. New York State Department of Correctional

16   Services, John Burge, Harold Graham, and Troy Mitchell,

17   Defendants, Case Number 5:07-CV-0493, the jury finds, as to

18   Claim 1, hostile work environment against DOCS under Title

19   VII and New York Human Rights Law.  Did the plaintiff prove,

20   by a preponderance of the evidence, that she was subjected to

21   a hostile work environment?

22                   THE FOREPERSON:  Yes.

23                   THE CLERK:  As to B, did plaintiff prove, by a

24   preponderance of the evidence, that a legal basis exists

25   under Title VII for imputing the conduct that created the

1  hostile work environment to DOCS?

2                    THE FOREPERSON:  I'm --

3                    THE CLERK:  1b.

4                    THE COURT:  It would be on the first page.

5                    THE FOREPERSON:  Yes.  Sorry.  I was on the

6  wrong page.

7                    THE COURT:  Now we're going to the next page,

8  C.

9                    THE CLERK:  1c.  Did plaintiff prove, by a

10  preponderance of the evidence, that a legal basis exists

11  under New York Human Rights Law for imputing the conduct that

12  created the hostile work environment to DOCS?

13                    THE FOREPERSON:  Yes.

14                    THE CLERK:  As to Claim 2, Section 1983 sexual

15  harassment claim against defendants Burge, Graham, and

16  Mitchell --

17                    THE FOREPERSON:  No.

18                    THE CLERK:  -- A, Did plaintiff prove, by a

19  preponderance of the evidence, that one or more of defendants

20  Burge, Graham and/or Mitchell individually sexually harassed

21  her; as to defendant Burge?

22                    THE FOREPERSON:  No.

23                    THE CLERK:  As to defendant Graham?

24                    THE FOREPERSON:  No.

25                    THE CLERK:  As to defendant Mitchell?

1          THE FOREPERSON:  No.

2          THE CLERK:  Thank you.  Okay.  Turning to

3     damages, Section II, did plaintiff prove, by a preponderance

4     of the evidence, that she sustained an injury?

5          THE FOREPERSON:  Yes.

6          THE CLERK:  Under 4, did plaintiff prove, by a

7     preponderance of the evidence, that the act or omission

8     alleged in the claim or claims for which you found in favor

9     of plaintiff was the proximate cause of the injury or

10    injuries and/or emotional distress that she suffered?

11         THE FOREPERSON:  Yes.

12         THE CLERK:  Number 5.  If -- state the amount

13    of damages to which plaintiff is entitled to recover in

14    compensation for her injuries.  This is not to include back

15    pay and/or front pay.

16         THE FOREPERSON:  The back or front pay?

17         THE COURT:  No, just --

18         THE CLERK:  No, this is just damages.

19         THE FOREPERSON:  Just damages, which is

20    Number 5.  500,000.

21         THE CLERK:  Okay, thank you.  And under 6, if

22    you find the plaintiff is entitled to back pay and/or front

23    pay for lost wages, please state the amount, as to back pay.

24         THE FOREPERSON:  150,000.

25         THE CLERK:  And as to front pay?

1    THE FOREPERSON:  None.

2    THE CLERK:  Okay.  Thank you.

3    THE COURT:  Okay.  We received the verdict of

4    this jury.  Do either of the parties or any of the parties,

5    excuse me, want this jury polled, Ms. Connor?

6    MS. CONNOR:  No, your Honor.

7    MS. SHEEHAN:  No, your Honor.

8    THE COURT:  Ms. Sheehan, for the state

9    defendants?

10   MS. SHEEHAN:  No, your Honor.

11   THE COURT:  Mr. Andrews?

12   MR. ANDREWS:  No, your Honor.

13   THE COURT:  Okay.  Very well.  We'll -- we've

14   received and accepted your verdict, I'm going to send you

15   back to the jury room and I will come in and personally

16   excuse you from your jury service.  I'll be there in just a

17   few minutes, I have a few things I need to take care of here.

18   But on behalf of the litigants, the attorneys that were

19   involved in this case, it's very clear that you paid

20   attention, you worked hard, you worked diligently, and we

21   appreciate your service and I know they appreciate your

22   service.  And I thank you on behalf of the parties and these

23   attorneys and I'll be in to talk to you in just a minute,

24   okay.  You can return to the jury room.  Thank you.

25   (Jury Excused, 1:26 p.m.)

1          THE COURT:  Okay.  For counsel, there's just a

2     few things I want to put on the record for you.  I'm going to

3     advise you that any motions must be filed within 28 days on

4     submit, and pursuant to Rule 50(b) of the Federal Rules of

5     Civil Procedure, motion for judgment as a matter of law must

6     be filed and served no later than 28 days after the entry of

7     the judgment.

8          Pursuant to Rule 59 of the Federal Rules of

9     Civil Procedure, motion for new trial must be served not

10     later than 28 days after the entry of the judgment, and

11     pursuant to Appellate Rule 4, notice of appeal must be filed

12     no later than 30 days after the entry of the judgment.

13          All of the original exhibits will be returned

14     to counsel.  Whosoever exhibits they were, it's your

15     responsibility to maintain them and provide them to the court

16     of appeals, if that becomes an issue or if it's required.  So

17     you need to maintain all of your own exhibits.

18          Other than that, the court thanks you for your

19     courtesies, and to all of the litigants, we thank you for

20     your courtesies, and good luck to all of you.  Ms. Sheehan.

21          MS. SHEEHAN:  Two issues, your Honor.  I'd

22     like to renew the Rule 50 as to Department of Corrections.

23          THE COURT:  You want to do that now?

24          MS. SHEEHAN:  In the alternative, I'd like to

25     ask for an extension of time to file the motions while in

1    trial, I've received notice that I will be in trial on

2    April 23rd in Syracuse and Mr. Kinsey will also be in trial

3    in Utica, so between us, could we please have the length of

4    extension that you're permitted to grant us.

5                    THE COURT:  Well, why don't we do this.  With

6    regard to, if you're asking in the form of an oral motion,

7    I'm going to deny that motion at this time, but you certainly

8    have a right to submit it in writing, and why don't you just

9    put in writing your request for an extension, your intention

10   to file a written request, the 28 days, I know I reserved as

11   to Superintendent, retired Superintendent Burge, current

12   Superintendent, he'd like to be retired, I can see by his

13   reaction, Graham, but obviously the rest of them, I denied.

14   So you would have to make a new formal motion either for a

15   new trial or for a judgment as a matter of law, and you have

16   28 days to do that.  If you're going to ask for extension,

17   put that in writing and we'll respond to you.  Okay.

18                   MS. SHEEHAN:  Thank you, your Honor.

19                   MS. CONNOR:  Further matter, your Honor -- are

20   you done, Ms. Sheehan?

21                   MS. SHEEHAN:  Yes, I am.

22                   MS. CONNOR:  Just, plaintiff intends to move

23   this court for attorneys' fees under Title VII, and what is

24   the period of time for that?  Is that -- does your Honor know

25   if that's the 28 days or is that greater than that?

1    THE COURT:  You know, I'm not a hundred

2 percent sure of that.  I know it has to be done in writing.

3    MS. CONNOR:  I didn't know if you had an

4 order.

5    THE COURT:  It's up to my discretion my clerk

6 is telling me, so how much time do you think you need to put

7 that together?  They're asking for an extension so I guess

8 you could --

9    MS. CONNOR:  I'm trying to make it -- I don't

10 know the type of extension that they're asking for at this

11 point.  I would ask it to be coextensive, whatever extension

12 you give the defendants, if any.  Otherwise I would ask for

13 30 days.

14    THE COURT:  Okay.  Well, we'll -- I'll give

15 you the 30 days at least and whatever extension I grant to

16 the state and their counsel, sounds like they have another

17 trial they're going to be engaged in, I will certainly give

18 you that same consideration and extension so everything could

19 be filed at once.

20    MS. CONNOR:  Thank you, your Honor.

21    THE COURT:  And each party will have an

22 opportunity to respond to the other's filings, we'll do it in

23 that manner.  Okay.

24    MS. CONNOR:  Yes, thank you.

25    THE COURT:  Anything else?

1          MS. CONNOR:  No.

2          THE COURT:  Okay.  All right then.

3          MR. KINSEY:  If it please the court, are these

4    jurors at the end of their term?

5          THE COURT:  They are.

6          MR. KINSEY:  Would the court ask them if they

7    would speak to us?  Of course it's their discretion and as

8    they wish.

9          THE COURT:  Of course it is.  I will ask them

10   and see if they -- if that's something they're willing to do,

11   but as you know, they don't have to.

12         MR. KINSEY:  Exactly.

13         THE COURT:  So I'm going to be talking to them

14   and I'll ask them about that.

15         MR. KINSEY:  Thank you.

16         THE COURT:  Okay.  Good luck to everybody, all

17   right.

18         MS. SHEEHAN:  Thank you, your Honor.

19         MS. CONNOR:  Thank you, your Honor.

20         MR. ANDREWS:  Thank you, your Honor.

21         THE CLERK:  Court stands adjourned.

22         (Court Adjourned, 1:30 p.m.)

23

24

25

```
1                    C E R T I F I C A T I O N

2

3

4                    I, JODI L. HIBBARD, RPR, CRR, CSR, Official

5    Court Reporter in and for the United States District Court,

6    Northern District of New York, DO HEREBY CERTIFY that I

7    attended the foregoing proceedings, took stenographic notes

8    of the same, and that the foregoing is a true and correct

9    transcript thereof.

10

11

12

13

14

15

16

17                         _____

18                         JODI L. HIBBARD, RPR, CRR, CSR
                           Official U.S. Court Reporter
19

20

21

22

23

24

25
```