UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PENNY T. COLLINS,

                        Plaintiff,

v.                                                        5:07-CV-0493
                                                            (GTS/DEP)
NEW YORK STATE DEP'T OF CORR. AND
CMTY. SERVS.; JOHN BURGE; HAROLD
GRAHAM; and TROY MITCHELL,

                        Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

LAW OFFICES OF MAIREAD E. CONNOR, PLLC    MAIREAD E. CONNOR, ESQ.
   Counsel for Plaintiff
440 South Warren Street, Suite 703
Syracuse, NY 13202

HON. ERIC T. SCHNEIDERMAN                 CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York       ROGER W. KINSEY, ESQ.
   Counsel for Defendants NYS DOCCS,
   Burge and Graham
The Capitol
Albany, NY 12224-0341

SATTER & ANDREWS, LLP                         ROSS P. ANDREWS, ESQ.
   Counsel for Defendant Mitchell
217 South Salina Street, 6th Floor
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this employment discrimination action filed by Penny T.

Collins ("Plaintiff") against the above-captioned entity and three correctional employees

("Defendants"), is a motion by Defendant New York State Department of Corrections and

Community Services ("DOCCS") to dismiss Plaintiff's New York Human Rights Law ("HRL") claim against it pursuant to Fed. R. Civ. P. 50(b) and to alter or amend the judgment (so as to decrease the jury's award of compensatory damages to $300,000) pursuant to Fed. R. Civ. P. 59(e).  (Dkt. No. 162.)  For the reasons set forth below, DOCCS' motion is denied.

I.     RELEVANT BACKGROUND

   A.     Relevant Procedural History

On August 28, 2009, DOCCS and its co-Defendants filed a motion for summary judgment on all of Plaintiff's claims against them, including Plaintiff's HRL claim.  (Dkt. No. 65.)  In pertinent part, Defendants argued that Plaintiff's HRL claim was barred by the Eleventh Amendment because Defendants had not consented to be sued and that the claim was barred by the election of remedies provision of New York Executive Law § 297(9).  (Dkt. No. 69 [Defs.' Memo. of Law].)  On August 30, 2011, Senior United States District Judge Neal P. McCurn denied Defendants' motion for summary judgment in its entirety.  (Dkt. No. 86.)

On March 20, 2012, the undersigned submitted to the jury Plaintiff's hostile work environment claim against DOCCS under both HRL and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.  The next day, the jury returned a verdict on that claim against DOCCS and awarded $500,000 in compensatory damages and $150,000 in back pay to Plaintiff.  (Dkt. No. 148.)  While Title VII limited the amount of compensatory damages that Plaintiff could recover to $300,000, HRL did not include any such limitation.  *Compare* 42 U.S.C. § 1981a(b)(3)(D) *with* N.Y. Exec. Law § 297(9).

### B.     Parties' Arguments on DOCCS' Motion

In its current motion, DOCCS argues that the Court erred as a matter of law when it submitted Plaintiff's HRL claim to the jury, because the Court lacks subject-matter jurisdiction to hear that claim under the Eleventh Amendment. (*See generally* Dkt. No. 162, Attach. 1 [DOCCS' Memo. of Law].)  As a result, DOCCS seeks an Order dismissing the HRL claim against it and setting aside that portion of the jury's award to Plaintiff that exceeds the $300,000 maximum amount of compensatory damages available on the remaining claim, which arises under Title VII. (*Id.*)

In response, Plaintiff argues, *inter alia*, that, because Defendants' previous attempt to dismiss Plaintiff's HRL claim based on the Eleventh Amendment was rejected by Judge McCurn when he decided Defendants' motion for summary judgment, Plaintiff's current attempt to do so is barred by the law-of-the-case doctrine. (*See generally* Dkt. No. 165, Attach. 1 [Plf.'s Opp'n Memo. of Law].)

In reply, DOCCS argues, inter alia, that (1) regardless of how Judge McCurn ruled, New York State could not lose its Eleventh Amendment immunity unless Congress unequivocally abrogated New York State's immunity or New York State expressly consented to suit (neither of which occurred under the circumstances), and (2) the issue is able to be decided anew by the undersigned because DOCCS raised the issue in its pretrial brief, and again under Fed. R. Civ. P. 50(a) at the close of proof, whereupon the undersigned reserved decision. (Dkt. No. 167.)

## II.    GOVERNING LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 50(b), a district court may enter judgment as a matter of law against a party on an issue where there is no legally sufficient evidentiary basis for a reasonable

jury to find for that party on that issue, and where the proper pre-verdict motion has been made and renewed. *See Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004). Pursuant to Fed. R. Civ. P. 59(e), a district court may alter or amend a judgment where, among other things, it becomes necessary to remedy a clear error of law or to prevent obvious injustice. *See Weiss v. City of New York*, 96-CV-8281, 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003) (citing *Virgin Atlantic Airways v. Nat's Mediation Bd.*, 956 F.2d 1245, 1255 [2d Cir. 1992]).

### III.   ANALYSIS

After carefully considering the matter, the Court denies DOCCS' motion for the reasons stated by Plaintiff in her opposition memorandum of law. (Dkt. No. 165, Attach. 1 [Plf.'s Opp'n Memo. of Law].) The Court would add only the following analysis.

Section 297(9) of the New York Executive Law, which serves as a limited waiver of New York State's sovereign immunity under the Eleventh Amendment, states in relevant part as follows:

> [a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... *unless* such person had filed a complaint hereunder or with any local commission on human rights ... *provided that*, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9) (emphasis added). Therefore, where a complaint to the State Division of Human Rights is dismissed for administrative convenience, there is no jurisdictional bar to an action in federal court based on the same aggrieved unlawful discriminatory practice. *See Moodie v. Federal Reserve Bank of New York*, 58 F.3d 879, 883-884 (2d Cir. 1995).

4

Previously in this action, when deciding Defendants' motion for summary judgment, Judge McCurn, noting that Plaintiff averred that she made a request to the Division of Human Rights to dismiss her complaint for administrative convenience, concluded that Plaintiff's Complaint in this action fell within one of the exceptions to Section 297(9) and is therefore not barred. (Dkt. No. 86, at 19-20.)

Judge McCurn's ruling was firmly supported by the undisputed record evidence presented by the parties on Defendants' motion for summary judgment. For example, in support of her opposition to Defendants' motion for summary judgment, Plaintiff stated by affidavit that she filed a complaint with the Division of Human Rights on May 24, 2006. (Dkt. No. 77, Attach. 13, at ¶ 25 [Aff. of Penny T. Collins, dated Nov. 23, 2009].) Moreover, according to Defendants' statement of material facts, this complaint was dismissed for administrative convenience on March 30, 2007. (Dkt. No. 69, at ¶ 32 [Defs.' Statement of Material Facts].) Finally, in her response, Plaintiff admitted this fact. (Dkt. No. 77.)

DOCCS, in its current motion, has presented no evidence to contradict the undisputed record evidence previously submitted by the parties. (*See generally* Dkt. Nos. 162, 167.) Because it is undisputed that Plaintiff's complaint to the Division of Human Rights was dismissed for administrative convenience, in accordance with Section 297(9), Plaintiff "shall maintain all rights to bring suit as if no complaint had been filed with the division." N.Y. Exec. Law § 297(9). As a result, the Court finds that it has jurisdiction over Plaintiff's HRL claim against DOCCS, it committed no legal error by submitting that claim to the jury, and no grounds exist to disturb the jury's compensatory damage award of $500,000 to Plaintiff.

**ACCORDINGLY**, it is

**ORDERED** that Defendant DOCCS' motion to dismiss Plaintiff's HRL claim against it pursuant to pursuant to Fed. R. Civ. P. 50(b) and to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Dkt. No. 162) is **DENIED** in its entirety.

Dated: June 29, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge