UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PENNY T. COLLINS,

                Plaintiff,

     -v.-                                                            5:07-cv-493
                                                                                    (GTS/DEP)

NEW YORK STATE DEP'T OF CORR. AND
CMTY. SERVS.; JOHN BURGE; HAROLD
GRAHAM; and TROY MITCHELL,

                Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF MAIREAD E. CONNOR, PLLC    MAIREAD E. CONNOR, ESQ.
  Counsel for Plaintiff
440 South Warren Street, Suite 703
Syracuse, NY 13202

HON. ERIC T. SCHNEIDERMAN                     CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York        ROGER W. KINSEY, ESQ.
  Counsel for Defendants NYS DOCCS,
  Burge and Graham
The Capitol
Albany, NY 12224-0341

SATTER & ANDREWS, LLP                             ROSS P. ANDREWS, ESQ.
  Counsel for Defendant Mitchell
217 South Salina Street, 6th Floor
Syracuse, NY 13202

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the court in this employment discrimination action against the

above-captioned entity and three correctional employees ("Defendants") is a motion by plaintiff

Penny T. Collins ("Plaintiff") against defendant New York State Department of Corrections and Community Services ("DOCCS") for attorney's fees, paralegal fees, expert fees and costs pursuant to 42 U.S.C. § 2000e-5(k). Plaintiff seeks an award of $286,176.25 in attorney's fees, $14,109.50 in paralegal fees, $18,084.27 in expert fees, and $14,249.22 in costs. DOCCS opposes the motion. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## I.     Relevant Background

Plaintiff commenced this action on May 8, 2007 against DOCCS as well as the State of New York, Brian Fisher ("Fisher"), Glenn S. Goord ("Goord"), John Burge ("Burge"), Harold Graham ("Graham"), and Troy Mitchell ("Mitchell"). Plaintiff asserted the following claims against all defendants: gender discrimination, hostile work environment, disparate treatment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the New York Human Rights Law, N.Y. EXEC. LAW § 296 ("NYHRL"); and discrimination and hostile work environment under the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. In addition, Plaintiff asserted a claim of aiding and abetting discrimination and retaliation under NYHRL against Mitchell only.

Beginning in October 2006, Plaintiff was represented by Green & Seifter Attorneys, PLLC ("Green & Seifter").[1] When this action was commenced, attorneys John L. Valentino and Lawrence M. Ordway, Jr., of Green & Seifter appeared on behalf of Plaintiff. In December

---

[1] Green & Seifter Attorneys, PLLC is now known as Bousquet Holstein PLLC. Because the firm was known as Green & Seifter for the bulk of its representation of Plaintiff, the court will refer to the firm by its former name throughout this memorandum-decision and order.

2008, attorneys Valentino and Ordway withdrew as counsel for Plaintiff, with permission of Magistrate Judge David E. Peebles. Thereafter, attorney Mairead E. Connor appeared as Plaintiff's counsel.

With permission of Magistrate Judge Peebles, Plaintiff amended her complaint on May 22, 2009, in order to add the jurisdictional predicate of the receipt of a "right to sue" letter from the Equal Employment Opportunity Commission. Thereafter, Defendants filed a motion for summary judgment, which was denied in its entirety by Senior District Judge Neal P. McCurn. In denying Defendants' motion for summary judgment, Judge McCurn granted Plaintiff's motion to strike Defendants' statement of material facts for failure to comply with a provision of the Local Rules of this court requiring specific citations to the record. In doing so, Judge McCurn noted that Defendants' statement of material facts contained thirty-six numbered facts, of which eighteen had no citations whatsoever and the remaining facts included partial and/or general citations. *See* Dkt. No. 86, at 9. Judge McCurn went on to note that, in opposing Defendants' motion for summary judgment, "counsel for plaintiff was relegated to searching for truffles, not only to support her own recitation of material facts in dispute, but to provide the citations to defendants' facts which they then relied upon for their reply." *Id.* In the end, Defendants' motion for summary judgment was denied on the merits, without regard to their statement of material facts, with the court instead relying on the amended complaint and the court's own review of the record.

After an eight-day jury trial, Plaintiff prevailed on her Title VII and NYHRL hostile work environment claim against DOCCS. The jury returned a verdict in Plaintiff's favor on that claim and awarded Plaintiff $500,000 in compensatory damages and $150,000 in back pay.

Thereafter, Defendants sought judgment as a matter of law dismissing Plaintiff's NYHRL hostile work environment claim against DOCCS pursuant to Rule 50(b) of the Federal Rules of Civil Procedure and further moved to alter or amend the judgment pursuant to Rule 59(e), decreasing the jury's award of compensatory damages to $300,000, which is the statutory cap for damages on such a claim under Title VII. The Court denied defendants' Rule 50(b) and Rule 59(e) motions. Thereafter, Defendants filed a notice of appeal to the Court of Appeals for the Second Circuit.[2]

In the interim, Plaintiff filed the current motion for attorney's fees, paralegal fees, expert fees and costs. Generally, in support of her motion, Plaintiff contends that the number of hours expended in litigating this action is reasonable and that the hourly rates requested are reasonable given the rates charged in this district for similar litigation. DOCCS opposes Plaintiff's motion, generally arguing that, because Plaintiff was only successful on one of her claims against one defendant, her award for attorney's fees, paralegal fees, expert fees and costs should be reduced proportionately. In addition, DOCCS argues that Plaintiff's fee petition is not well supported, citing her failure to provide retainer agreements or include hourly rates on invoices. DOCCS also challenges the reasonableness of the requested hourly rates for the attorneys and paralegals who worked on her case.

---

[2] Notwithstanding the filing of a notice of appeal, the court has jurisdiction to decide the pending motion. *See Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (while the filing of a notice of appeal typically confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorney's fees).

**II.     Analysis**

Under Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). Pursuant to the Federal Rules of Civil Procedure, costs, other than attorney's fees, should be allowed to the prevailing party. *See* FED. R. CIV. P. 54(d)(1). "A plaintiff prevails when she succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit." *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 (2d Cir. 1996). Here, there is no dispute that Plaintiff is a "prevailing party" under Title VII and Rule 54 as she succeeded on her hostile work environment claim against DOCCS, thereby clearly achieving some of the benefit she sought in commencing this action.

**A.     Attorney's Fees**

Traditionally, courts have determined a "reasonable attorney's fee" by calculating the lodestar – the product of the number of hours required by the matter and a reasonable hourly rate. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, — U.S. —, —, 130 S. Ct. 1662, 1673 (2010); *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir.2008)). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 289-290 (2d Cir. 2011) (citations and quotations omitted). The reasonable amount of time spent on a matter is dependent in part on the degree of difficulty of the factual and legal issues involved. *See Hofler v. Family of Woodstock,*

*Inc.*, No. 1:07-cv-1055, 2012 WL 527668, at * 5 (N.D.N.Y. Feb. 17, 2012).  Courts may reduce from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary" and consequently are not reasonable.  *See id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983).  Finally, it is important to note that the fee applicant bears the burden of documenting the hours reasonably expended and the reasonable hourly rates.  *See Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941.

Bearing these principles in mind, the court must first determine the reasonable hourly rate to apply, and then decide whether the number of hours spent by Plaintiff's counsel was reasonable.

### 1. Reasonable Hourly Rate

There is a presumption that the reasonable hourly rate is that of the prevailing market rate in the relevant community.  *See Perdue*, — U.S. at —, 130 S. Ct. at 1672.  A determination of the prevailing market rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel[, which] may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district."  *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005).

Here, Plaintiff seeks an award of attorney and paralegal fees based on the following hourly rates: $250 for attorney Connor; $240 for attorneys Valentino and Harrison V. Williams, Jr.; $225 for attorney Ordway; $210 for attorney Dafni Kiritsis; and $145 for attorney Ann Alexander.  In addition, Plaintiff seeks fees for the services of Green & Seifter paralegals, Shauna Saucier and Stephanie Smith, at the hourly rates of $130 and $145, respectively; as well as fees for Ms. Connor's paralegal, Kathy Saumier, at the hourly rate of $75 for trial work and $95 for all other work.

In support of her request, Plaintiff submits the declarations of Ms. Connor, Mr. Valentino and Mr. Ordway, explaining their respective backgrounds and expertise in the area of employment discrimination. In addition, Plaintiff submits the declarations of two attorneys: Kenneth L. Wagner, who practices in Syracuse, New York, and William D. Frumkin, who practices in White, Plains, New York. Attorneys Wagner and Frumkin each declare, based upon their decades of experience litigating employment discrimination matters in New York, that the amount of fees and time spent in this action are reasonable.

DOCCS argues that Plaintiff has failed to meet her burden to document the reasonableness of the hourly rates sought, and that consequently the court should reduce the hourly rates to those awarded in this district during the period prior to 2008, when Plaintiff first sought legal representation in this matter. Plaintiff suggests that reasonable hourly rates in the Northern District of New York in 2007 were "$210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." Def.'s Mem. of Law, at 12 (citing *Paramount Pictures Corp. v. Hopkins*, No. 5:07-cv-593, 2008 WL 314541, at *5 (N.D.N.Y. Feb. 4, 2008)). Accordingly, DOCCS argues, the court should award hourly rates of $210 for work performed by attorneys Williams, Valentine and Connor, $150 for attorney Kiritsis, and $120 for attorneys Alexander and Ordway.

To be sure, where, as here, the legal services were provided many years before the award is made, courts should use "current rather than historic hourly rates" to calculate the lodestar. *Farbotko*, 433 F.3d at 210, n.11 (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284, 109 S. Ct. 2463 (1989)). However, as recent as this year, courts in this district have awarded an hourly rate schedule in employment discrimination cases similar to that set forth in *Paramount Pictures*,

7

cited by DOCCS here.  *See Hofler v. Family of Woodstock, Inc.*, No. 1:07-cv-1055, 2012 WL 527668, at *4 (N.D.N.Y. Feb. 17, 2012) (citing *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (finding $210 an hour for experienced attorney in a Title VII action "is located within the range of permissible decisions and does not rest on an erroneous view of the law") (internal quotation marks and citation omitted); *Dotson v. City of Syracuse*, No. 5:04-cv-1388, 2011 WL 817499, at *28 (N.D.N.Y. Mar. 3, 2011) (awarding $210 an hour in an employment discrimination case, citing several cases for the same proposition).  *But see Lee v. City of Syracuse*, Nos. 5:03-cv-1329; 5:06-cv-949, 2012 WL 2873533, at *2 (N.D.N.Y. Jul. 12, 2012) (awarding an hourly fee of $225 in a Title VII action).

Here, Mr. Valentino declares, and the court's review of the submitted invoices confirms, that Green & Seifter "wrote off" as "courtesy reductions" a total of $17,867.87 in fees when it billed Plaintiff in order to account for "possible redundant time and inefficiencies."  Decl. of John L. Valentino, May 18, 2012, ¶¶ 8-9, Dkt. No. 163-6.  According to Mr. Valentino, because "[i]t would be unfair to [Plaintiff] to reduce the amount requested in the fee petition by the full amount of the write offs because the write offs were related to all causes of action and legal services rendered, not just for services related to her Title VII cause of action[,] . . . the fee petition reduces the amount written off by [Green & Seifter] related to the Title VII cause of action by half that amount, or $8,933.94."  *Id.*, ¶ 9.  However, it does not appear that Plaintiff factored in the "courtesy reductions" at all when calculating the amount of fees for services provided to her by Green & Seifter in this petition.

A review of the records submitted for services Plaintiff received from Green & Seifter reveals that the percentage courtesy reduction differs with each invoice.  Therefore, the court determined the appropriate percentage reduction with each invoice and applied that to the fees

8

for which Plaintiff seeks reimbursement.  Once adjusted for the courtesy reductions, the average hourly rates rounded to the nearest dollar for the majority of the Green & Seifter attorneys become more in line with those DOCCS contends are appropriate, as follows:

| | |
|---|---|
| Williams | $211 |
| Valentino | $210 |
| Ordway | $193 |
| Kiritsis | $174 |
| Alexander | $ 97 |

While DOCCS argues that the hourly rate for attorney Kiritsis should be $150, an hourly rate of $174 for Ms. Kiritsis's services is appropriate given that she has only three fewer years of experience than attorney Ordway, but six more years of experience than attorney Alexander. There being no meaningful dispute regarding the hourly fees for Williams, Valentine, Ordway,[3] Kiritsis and Alexander, the court will award fees to Plaintiff for the services of these attorneys, accordingly.

Regarding the proposed hourly rate for the services of attorney Connor, the court acknowledges that Plaintiff submits evidence in support of her argument that an hourly rate of $250 for Ms. Connor's services is reasonable.  In addition to the declaration of Ms. Connor, Plaintiff submits declarations of attorneys Wagner and Frumkin that the amount of fees in this action, specifically the $250 hourly fee charged by Ms. Connor, is reasonable.  Moreover, in her reply papers, Plaintiff submits a copy of her retainer agreement with Ms. Connor whereby Plaintiff agrees to pay the $250 hourly rate for Ms. Connor's services.  While the court takes judicial notice that the prevailing market rate in this community for services of someone with

---

[3]    Due to a typographical error, Mr. Ordway's declaration in support of Plaintiff's motion for attorney's fees reflects that he was not admitted to practice in the State of New York until 2008.  In his reply declaration, Mr. Ordway cures this error, explaining that he was in fact admitted in 1998, not 2008.

Ms. Connor's expertise is $210, *see Hofler*, 2012 WL 527668, at *4, considering Ms. Connor's success in opposing the motion for summary judgment and in reaching a partially favorable verdict at trial, the court will award Plaintiff attorney's fees for Ms. Connor's services at an hourly rate of $225.

Next, Plaintiff's proposed hourly rates for the paralegal services from Green & Seifter are unreasonable. Even adjusting for the courtesy reduction applied by the firm, the hourly fees billed for paralegals Saucier and Smith are in excess of the adjusted hourly fee billed for attorney Alexander. Moreover, Mr. Valentino's declaration does not provide any basis for the hourly rates of Saucier and Smith, other than to generally state their length of service to the firm. Accordingly, Plaintiff's award will be reduced to reflect the reasonable hourly fee of $80 for paralegals in this district.

Regarding the hourly fees sought for the services of Ms. Connor's paralegal, Ms. Saumier, the court notes that DOCCS objects to an hourly rate in excess of $80. To be sure, Plaintiff seeks a $75 hourly fee award for Ms. Saumier's services at trial and a $95 hourly fee for the remainder of her services. However, the court will apply the hourly rate of $80 to compute the fee for all of Ms. Saumier's services, as that is the reasonable hourly rate for paralegals in this district.

        **2.**     **Reasonable Hours**

Having determined the reasonable hourly rates, the court next addresses the issue of whether the number of hours expended was reasonable.

DOCCS argues generally that the records submitted by Green & Seifter and by Ms. Connor are "incomplete, contradictory and unintelligible." Def.'s Mem. of Law at 11, 15, Dkt. No. 169. Specifically, as to the invoices submitted by both Green & Seifter and Ms. Connor,

10

DOCCS complains that "the totals on any page containing a redaction does not comport with the visible numbers." *Id.* DOCCS also argues that hours billed by Ms. Connor for review and preparation for depositions of defendants who have been dismissed from this action should be excluded. Finally, DOCCS argues that, because Plaintiff was only one eighth successful, her fee award should be reduced proportionately.

First, the court disagrees with DOCCS's characterization of the submitted records as incomplete, contradictory and unintelligible. The court was able to determine, based upon its review of the invoices from both Green & Seifter and Ms. Connor, the number of hours and the corresponding hourly fee billed for each professional. While the court detected some mathematical errors in Plaintiff's computation of the hours worked or total fees billed based on the invoices, the invoices themselves contained no errors.

Next, the court declines to reduce the overall fee award due to the purported lack of success on the majority of Plaintiff's claims. Where, as here, "a plaintiff's claims for relief involve a common core of facts or are based on related legal theories, the lawsuit cannot be viewed as a series of discrete claims." *Dominic v. Consol. Edison Co. of N.Y., Inc.*, 822 F.2d 1249, 1259 (2d Cir. 1987) (citing *Hensley*, 461 U.S. at 435, 103 S. Ct. at 1940) (quotations omitted). Instead, the focus should be the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

The court credits the declarations of attorneys Connor, Valentino and Ordway regarding their respective redactions of fees for work that was devoted to Plaintiff's unsuccessful Title VII retaliation claim, § 1983 claims and NYHRL aiding and abetting claim, as well as any other services that were not related to Plaintiff's Title VII discrimination and sexual harassment claim. The court also credits the reply declaration of Ms. Connor explaining that she would have

11

deposed Graham, Mitchell and Burge whether or not they were named as defendants, as they were important witnesses to the facts and circumstances underlying all of Plaintiff's claims. Therefore, given the length of the legal representation, the majority of which was related to the common core of facts underlying Plaintiff's successful hostile work environment claim against DOCCS, the amount of time billed for legal services to Plaintiff is deemed reasonable.

Accordingly, the court awards a total of $252,326.25 in attorney's fees to Plaintiff, as follows:

| | | |
|---|---|---|
| Connor | $225 multiplied by 791.30 hours equals | $178,042.50 |
| Williams | $211 multiplied by 1.5 hours equals | $      316.50 |
| Valentino | $210 multiplied by 111 hours equals | $ 23,310.00 |
| Ordway | $193 multiplied by 250.25 hours equals | $ 48,298.25 |
| Kiritsis | $174 multiplied by 13 hours equals | $   2,262.00 |
| Alexander | $ 97 multiplied by 1 hour equals | $        97.00 |

The court further awards a total of $12,976.00 in paralegal fees to Plaintiff, as follows:

| | | |
|---|---|---|
| Smith | $80 multiplied by 13.5 hours equals | $   1,080.00 |
| Saucier | $80 multiplied by 11.5 hours equals | $      920.00 |
| Saumier | $80 multiplied by 137.20 hours equals | $ 10,976.00 |

**B.     Expert Fees**

Title VII "explicitly provides for the recovery of expert witness fees, which can include consultation, trial preparation and trial testimony." *James v. Nat'l R.R. Passenger Corp.*, No. 02-cv-3915, 2005 WL 6182322, at *21 (S.D.N.Y. Mar. 28, 2005) (finding expert fee of $9,750 to be reasonable where expert met with plaintiff twice to evaluate her, reviewed documents pertinent to plaintiff's condition, prepared a 19-page expert report and testified at trial).

Here, Plaintiff seeks an award of $18,084.27 in fees for the services of her expert, Kenneth W. Reagles, Ph.D. Plaintiff submits invoices from Dr. Reagles, which document the 33.05 hours he spent in consulting with Plaintiff's attorneys, evaluating Plaintiff, reviewing

relevant documents and valuating Plaintiff's economic damages, at an hourly rate of $350.  Also included in the invoice is $1,171.50 for "miscellaneous expenses" such as photocopies, postage and facsimile costs, $5000 for testimony at trial, and $345.27 for the production of trial charts used during testimony.  *See* Ex. B to Decl. of Mairead E. Connor, May 18, 2012, Dkt. No. 163-3.  In opposition, DOCCS points out that, although Dr. Reagles concluded and testified that Plaintiff's economic damages, including back pay, front pay, future health care costs and lost pension benefits, are between $959,931 and $1,089,853, the jury only awarded Plaintiff $500,000 in compensatory damages and $150,000 in back pay, and awarded no front pay.  Consequently, DOCCS argues, the fee award for Dr. Reagles' services "should be discounted by half and not exceed $9,042.27."  Def.'s Mem. of Law at 16, Dkt. No. 169.  Plaintiff's reply papers do not include a response to this argument.

The court agrees with DOCCS's reasoning that, considering Plaintiff's limited success in achieving an award of economic damages relative to the opinion testimony of Plaintiff's expert in that regard, her award of expert fees should be reduced.  Accordingly, Plaintiff is awarded $9,042.27 in expert fees.

    **C.**    **Costs**

Finally, as the prevailing party, Plaintiff submitted an application for costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.  Plaintiff seeks a total of $14,249.22 in costs, for, among other things, photocopies, witness fees, computer research, service of process and attorney travel.  Plaintiff submits attorney declarations as well as invoices from Ms. Connor and Green & Seifter in support of her application for costs of $10,827.33 and $3,421.89, respectively.  DOCCS opposes Plaintiff's application, arguing generally that the list of costs submitted by Green & Seifter is unsupported and does not reference what relation, if any, the

costs have to the claim upon which Plaintiff prevailed and that Plaintiff erroneously seeks costs of transcripts obtained by Ms. Connor from the depositions of Graham, Mitchell and Burge, three defendants that have been dismissed from this action.

Plaintiff counters that the invoices submitted from Green & Seifter support the requested costs, and that she would have deposed Graham, Mitchell and Burge whether or not they were named as defendants, as they were important witnesses to the facts and circumstances underlying all of her claims, including her successful hostile work environment claim.

The court's review of the invoices from Ms. Connor and Green & Seifter reveals that they accurately reflect the amount of the itemized costs, and that such costs are related to her successful claim. However, the court notes that Plaintiff miscalculates the sum of the costs from Green & Seifter to be $3,421.89, when in fact, the correct sum is $2,666.06. Accordingly, adjusting for this mathematical error, Plaintiff is awarded $13,493.39 in costs.

### III. Conclusion

In accordance with the foregoing, it is

ORDERED that the motion for attorney's fees by plaintiff Penny T. Collins (Dkt. No. 163) is GRANTED in part and DENIED in part; and it is further

ORDERED that plaintiff Penny T. Collins is awarded $252,326.25 in attorney's fees, $12,976.00 in paralegal fees, $9,042.27 in expert fees, and $13,493.39 in costs, for a total award of $287,837.91.

DATED:    October 22, 2012
               Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge